Honorable Morril Harriman Senator, Seventh District 522 Main Street Van Buren, AR 72956
Dear Senator Harriman:
This letter is in response to your request for an Attorney General's Opinion concerning whether Act 321 of 1977 allows a minor under the age of 16 years old to perform music on stage with his parents in a facility which services alcoholic beverages, or whether such activity is prohibited by Act 132 of 1969. It is my opinion that in the situation which you have described, where the minor is accompanied at all times by his mother and father, both on stage and off, that Act 321 of 1977 would permit the minor to perform in a "saloon, resort, or bar."
The situation is confusing because of two separate acts which have been passed by the General Assembly and which both still remain in the statute books. Section 14 of Act 132 of 1969, codified as Ark. Stat. Ann. 48-1414 (Repl. 1977), contains a subsection (g) which states as follows:
 It shall be unlawful and constitute a misdemeanor for any person holding permit hereunder, or his agents, servants or employees, knowingly to do any of the following acts: . . .
Employ any person less than twenty-one (21) years of age in the mixing or serving of alcoholic beverages; provided, that nothing herein shall prohibit a minor eighteen (18) years of age or older to be employed as a musician, or to be employed in the preparation or serving of food, or in the housekeeping department of any establishment authorized to dispense mixed drinks under this act [48-1401 — 48-1418].
This section is part of the Act which authorizes alcoholic beverage permits for hotels, motels, restaurants and private clubs. It is this statute which forms the basis for the ABC regulation prohibiting the employment of musicians under the age of 18 years in establishments serving alcoholic beverages.
The 1977 General Assembly passed Act 321 as an amendment to an earlier initiated act regarding the employment of children. Section 1 of Act 321, codified as Ark. Stat. Ann. 81-702 (Supp. 1985), states that no child under 16 years of age shall be employed in any saloon, resort, or bar where intoxicating liquors are sold or dispensed, with the exception of the following proviso:
 Provided, that a child under sixteen (16) may be employed in a theatrical production, or in a saloon, resort, or bar when such child and his parent or guardian perform together as part of the same show and the parent or guardian remains with the child in order to supervise him. (Emphasis added).
Although there is an apparent conflict in the wording of Act 132 of 1969 and Act 321 of 1977, it seems clear that the legislative intent of Act 321 of 1977 was that performing families which include minors under the age of 16 could be employed as performers in a saloon, resort, or bar so long as the parents remain with the minor at all times to insure that the minor will suffer no ill effects from being in such an establishment. Furthermore, it is a general rule of statutory construction that when two acts conflict, it is presumed that the legislature intended the later enacted provision to control. Finally, Act 321 of 1977 contained a Section 2, which was a standard repealer clause. This section states that any laws in conflict with Act 321 are hereby repealed. In light of all of these factors, it is my opinion that Act 321 of 1977 allows a minor under the age of 16 to perform in a music group with his parents in saloons, resorts, or bars, so long as his parents remain with him at all times during which he is in the establishments which serve alcoholic beverages.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Jeffrey A. Bell.
Sincerely,
Steve Clark Attorney General
SC/JB/pw